UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ASTOR & BLACK CUSTOM, LLC,

        Plaintiff,

v.

MOLLY SCHOEN,

        Defendant.

Case No. 2:12-cv-870
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on Plaintiff Astor & Black Custom, LLC's Motion to Remand. (Doc. No. 4.) For the reasons that follow, the Court **GRANTS** that Motion.

### I. BACKGROUND

Plaintiff Astor & Black Custom, LLC is in the business of making and selling custom men's clothing. (Complaint ¶ 3; Doc. No. 2.) Defendant Molly Schoen began her employment with Astor & Black in March 2012. *Id.* ¶¶ 7, 9. Ms. Schoen's employment was terminated on June 22, 2012, based on her alleged breach of her employment agreement. *Id.* ¶ 25.

On September 4, 2012, Astor & Black filed this action in the Court of Common Please, Franklin County, Ohio, alleging that Ms. Schoen misappropriated trade secrets, interfered with its business relationships and breached her employment agreement. Astor & Black requested that the court enjoin Ms. Schoen from misappropriating trade secrets, interfering with business relations and from contacting and/or soliciting Astor & Black clients who purchased any products from it between March 1, 2012 and June 22, 2012. Astor & Black requests damages in excess of $15,000 plus attorney fees and costs.

On September 21, 2012, Ms. Schoen removed this action to this Court based on diversity jurisdiction. On October 10, 2012, Astor & Black filed a Motion to Remand, arguing that the amount in controversy necessary to invoke this Court's subject matter jurisdiction is not met. That Motion is ripe for review.

## II. STANDARD

"'The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005)). If a plaintiff originally files a "case in state court, the removal statute, 28 U.S.C. § 1441, 'authorizes' defendants to remove 'civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court.'" *Id.* (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005)).

"In addition to giving federal district courts original jurisdiction over cases arising under federal law, *see* 28 U.S.C. § 1331, Congress 'has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens,' 'to provide a neutral forum for what have come to be known as diversity cases,' *Exxon Mobil*, 125 S. Ct. at 2617; *see* 28 U.S.C. § 1332." *Id.* "'To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.'" *Id.* at 822 (quoting *Exxon Mobil*, 125 S. Ct. at 2617). The determination of federal jurisdiction in a diversity case is made as of the time of removal. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996). Hence, in reviewing a motion to remand, a court looks to

"whether the action was properly removed in the first place." *Id.* at 454 (citing *Fakouri v. Pizza Hut of Am., Inc.*, 824 F.2d 470, 472 (6th Cir. 1987)).

Where a "plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal" amount in controversy requirement of $75,000 the defendant must show by a preponderance of the evidence that the plaintiff's claims meet this amount. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) ("We conclude that the 'preponderance of the evidence' ('more likely than not') test is the best" for removal of claims that seek an unspecified amount.). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (citations omitted).

### III. ANALYSIS

Ms. Schoen contends that the $75,000 threshold required to confer diversity jurisdiction upon this Court is met "when considering Astor & Black's claim for damages, injunctive relief preventing solicitation of clients, injunctive relief for misappropriating trade secrets preventing Schoen from using a client list, and attorneys' fees." (Mem. in Opp. at 1–2; Doc. No. 13.) Ms. Schoen's contention is not well taken.

With regard to the attorneys' fees request, Ms. Schoen argues that the "fees should be added to a Plaintiff's damages claim in calculating the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (citing *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975)." (Mem. in Opp. at 5.) However, the cases upon

3

which Ms. Schoen relies do not stand for the proposition that this Court may consider attorneys' fees requests in its determination of the amount in controversy in a case. *Williamson* specifically states otherwise, except in limited circumstances:

> As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees. *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

*Williamson*, 481 F.3d at 376. Here, Astor & Black does not bring its claims under any statute nor does it request statutory or contractually permitted attorney fees. Therefore, the requested attorney fees are excudable in determining the amount in controversy.

As to the assessment of Astor & Black's injunctive relief requests, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347; *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011). Ms. Schoen posits that, the object of this litigation is the potential of $400,000.00 in prospective sales that Astor & Black wishes to prevent. Specifically, Ms. Schoen asserts that

> Astor & Black submitted an affidavit from Amiee Hendrix in support of its Complaint wherein she stated that a suit from Astor & Black was valued from $600.00 to $900.00. *See* Affidavit of Amiee Hendrix in Support of Plaintiff's Verified Complaint. Plaintiff requested that the Court enjoin Schoen from contacting clients and misappropriating its client list. *See* Plaintiff's Original Complaint. The client list includes 475 customers. *See* Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction. Therefore, if the injunctive relief were granted it alone would total between $285,000.00 and $427,500.00 in sales to Astor & Black.

(Mem. in Opp. at 2.)

Astor & Black asserts that Ms. Schoen has overstated the breadth of the injunctive relief

4

sought and that she incorrectly calculated damages:

> First, Plaintiff has not sought to enjoin Defendant from contacting, soliciting or selling to her whole client list of Four Hundred Seventy-Five (475) clients. Under her employment agreement, Defendant is only prohibited from "contacting or soliciting any client of Astor & Black to whom Astor & Black sold merchandise during Defendant's period of employment – between March 1, 2012 and June 22, 2012." No clothier sells merchandise to every one of their clients during a period of less than four (4) months. Defendant did not sell merchandise to every one of her clients between March 1, 2012 and June 22, 2012.
>
> Second, Defendant's assertion that the damages in this case would be between Two Hundred Eighty Five Thousand Dollars ($285,000.00) and Four Hundred Twenty-Seven Thousand Five Hundred Dollars ($427,500.00) is based upon Astor & Black's prices of Six Hundred Dollars ($600.00) to Nine Hundred Dollars ($900.00) times all Four Hundred Seventy-Five (475) of Defendant's clients. This is not a true measure of damages. Astor & Black would not and could not claim as damages 100% of the purchase price. The damages for any breach by Defendant of her employment agreement would be measured by either her commissions [22%] or the company's profits.

(Reply at 2; Doc. No. 18.) Astor & Black concludes that, even if the injunction affected one-third of Ms. Schoen's clients, this restriction this would only amount to sales of $95,000 to $142,500 and that sales amount would *not* be the amount of damages. Rather 22% of those sales, or $20,900 to $31,350 would be the amount of damages.

While the amount in damages that the parties suggest to this Court are not certain by any means, Astor & Black correctly explains that it is only the commission, not the amount of sales, that is the amount of damages. That being the case, Astor & Black's assessment is certainly more accurate of the damages actually claimed in this action than Ms. Schoen's assessment. Based on these facts, and construing the removal statute strictly and resolving all doubts in favor of remand, the Court concludes that Ms. Schoen has failed to meet her burden of showing that it is more likely than not that Astor & Black's claims meet the federal amount in controversy

5

requirement. Consequently, this action could not have originally been brought in this Court.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff Astor & Black's Motion to Remand. (Doc. No. 4.) The Clerk is **DIRECTED** to **REMAND** this action to the Franklin County, Ohio Court of Common Pleas.

**IT IS SO ORDERED.**

1-2-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

6